NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW FLINDERS, | No.    22-17014 |
| Plaintiff-Appellant, | D.C. No. 5:22-cv-04072-VKD |
| v. | |
| STATE BAR OF CALIFORNIA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Virginia K. DeMarchi, Magistrate Judge, Presiding

Submitted February 2, 2024**
San Francisco, California

Before:  MURGUIA, Chief Judge, and PAEZ and FRIEDLAND, Circuit Judges.

Matthew Flinders appeals the dismissal without prejudice of his suit under

the Age Discrimination and Employment Act ("ADEA") and the California Fair

Employment and Housing Act ("FEHA") against the California State Bar ("State

Bar").  The district court dismissed without prejudice, concluding that jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

was lacking because Flinders had failed to petition the California Supreme Court for review of his denial of admission to the bar. We may affirm on any ground supported in the record. *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998). We affirm on the ground that the State Bar has sovereign immunity from this suit.

We recently reaffirmed en banc in *Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir. 2023), that the State Bar is entitled to sovereign immunity. *Id.* at 1023. After we issued our decision in *Kohn*, the parties filed supplemental briefs addressing that decision's impact on this case. In his brief, Flinders argues for the first time that even if the State Bar is generally entitled to sovereign immunity, sovereign immunity has been abrogated as to his discrimination claim under the ADEA.

Even if this argument were not forfeited, it would fail because sovereign immunity is only even potentially abrogated by the ADEA for claims that also constitute constitutional violations. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 67 (2000) (holding that the ADEA does not validly abrogate sovereign immunity); *United States v. Georgia*, 546 U.S. 151, 158–59 (2006) (holding that Title II of the Americans with Disabilities Act validly abrogates sovereign immunity for claims that also constitute constitutional violations).

Flinders's complaint does not state a constitutional claim. Flinders's

allegations could potentially state an ADEA claim under a disparate impact theory, but none of his allegations describe intentional discrimination, which would be required to state a constitutional claim under the Equal Protection Clause. *See Washington v. Davis*, 426 U.S. 229, 242 (1976); *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264–65 (1977).

Flinders also cites *Granholm v. Heald*, 544 U.S. 460 (2005), to argue that his claims constitute violations of the Due Process and Privileges and Immunities Clauses. But *Granholm* concerned discrimination against interstate commerce under the dormant Commerce Clause, *id.* at 466, 472–76, and Flinders does not make any allegations of discrimination against interstate commerce, only discrimination based on age. Nor does he allege that the State Bar treats people differently depending on whether they are from California, so he has not stated a claim under the Privileges and Immunities Clause. *See Sup. Ct. of N.H. v. Piper*, 470 U.S. 274, 279–81 (1985).

Flinders also argues that his claims amount to violations of a due process right to contract, but the right to contract is not absolute, and the state may restrict freedom of contract to protect the public interest. *See W. Coast Hotel Co. v. Parrish*, 300 U.S. 379, 392–93 (1937). Flinders has not provided any basis to conclude that the State Bar's scoring system is arbitrary or irrational. He has provided statistics showing that older test-takers are much less likely to pass than

3

younger ones, but he has not alleged that the different age groups of test-takers are similarly situated. *See Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 966 (9th Cir. 2017). Absent such allegations, Flinders has not stated a claim under the Due Process Clause. *See W. Coast Hotel Co.*, 300 U.S. at 391–92.

For the foregoing reasons, we **AFFIRM**.